| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| CELADON TRUCKING SERVICES, INC., *et al.*, § § § | |
| Appellants, § § | |
| *versus* § § | CIVIL ACTION NO. 4:19-CV-375 |
| CHRISTOPHER J. MOSER, § § | |
| Appellee. § | |

**MEMORANDUM AND ORDER**

Pending before the court is Appellants Celadon Trucking Services, Inc., Celadon Group, LLC, and Quality Companies, LLC's (collectively, "Appellants") Notice of Appeal (#1), wherein Appellants contend that the bankruptcy court erred in denying their motion for partial dismissal of the claims asserted by Appellee Bankruptcy Trustee Christopher J. Moser ("Moser"). Having considered the parties' briefs, the record, and the applicable law, the court is of the opinion that the appeal should be dismissed for lack of subject matter jurisdiction.

I.  Analysis

The statutory authority for this court's appellate jurisdiction in bankruptcy cases is found in 28 U.S.C. § 158, which reads as follows:

(a) The district courts of the United States shall have jurisdiction to hear appeals

(1) from final judgments, orders, and decrees;

(2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and

(3) with leave of the court, from other interlocutory orders and decrees;

of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

While Moser does not raise the issue, "the court must examine the basis of its jurisdiction on its own motion if necessary." *Porter v. Times Grp.*, 902 F.3d 510, 515 (5th Cir. 2018) (citing *Hill v. City of Seven Points*, 230 F.3d 167, 169 (5th Cir. 2000)); *see Green Tree Servicing, L.L.C. v. Charles*, 872 F.3d 637, 639 (5th Cir. 2017); *Charles v. Atkinson*, 826 F.3d 841, 842 (5th Cir. 2016); *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 550 (5th Cir. 2008). In their brief, Appellants contend that jurisdiction exists pursuant to § 158(a)(3). Section 158(a)(3) must be considered in conjunction with Federal Rule of Bankruptcy Procedure 8004, which states:

> (a) Notice of appeal and motion for leave to appeal
>
> To appeal from an interlocutory order or decree of a bankruptcy court under 28 U.S.C. § 158(a)(3), a party must file with the bankruptcy clerk a notice of appeal as prescribed by Rule 8003(a). The notice must:
>
>> (1) be filed within the time allowed by Rule 8002;
>>
>> (2) be accompanied by a motion for leave to appeal prepared in accordance with subdivision (b); and
>>
>> (3) unless served electronically using the court's transmission equipment, include proof of service in accordance with Rule 8011(d).
>
> * * *
>
> (d) Failure to file a motion with a notice of appeal
>
> If an appellant timely files a notice of appeal under this rule but does not include a motion for leave, the district court or BAP may order the appellant to file a motion for leave, or treat the notice of appeal as a motion for leave and either grant or deny it. If the court orders that a motion for leave be filed, the appellant must do so within 14 days after the order is entered, unless the order provides otherwise.

FED. R. BANKR. P. 8004. A district court cannot impliedly grant leave to appeal merely by ruling on an appeal from the bankruptcy court that is pending before it. *In re Holloway*, 370 F. App'x 490, 493 (5th Cir. 2010) (citing *Clark v. First State Bank (In Re White Beauty View, Inc.)*, 841 F.2d 524, 527 (3d Cir. 1988)); *see In re Houston Bluebonnet, L.L.C.*, 752 F. App'x 191, 193 (5th Cir. 2019). Instead, before reaching the merits of the parties' arguments, the court must determine whether granting leave to file an interlocutory appeal is warranted.

"Leave to appeal an interlocutory order of a Bankruptcy Judge . . . should be granted only where circumstances are present which justify overriding the general policy of not allowing such appeals." *In re Hunt Int'l Res. Corp.*, 57 B.R. 371, 372 (N.D. Tex. 1985). "The decision to grant or deny leave to appeal a bankruptcy court's interlocutory order is committed to the district court's discretion." *In re O'Connor*, 258 F.3d 392, 399-400 (5th Cir. 2001). "The standard the district court applies in determining whether to exercise its discretion to grant leave is not articulated in the statute. Courts in the Fifth Circuit, however, have applied 28 U.S.C. § 1292(b), the standard governing interlocutory appeals generally." *In re Hallwood Energy, L.P.*, 3:12-CV-1902-G, 2013 WL 524418, at *2 (N.D. Tex. Feb. 11, 2013) (citing *Ichinose v. Homer Nat'l Bank (In re Ichinose)*, 946 F.2d 1169, 1177 (5th Cir. 1991); *Panda Energy Int'l, Inc. v. Factory Mut. Ins.*, 2011 WL 610016, at *3 (N.D. Tex. Feb. 14, 2011)); *see Powers v. Montgomery*, CIV. A. 3:97-CV-1736-P, 1998 WL 159944, *2 (N.D. Tex. April 1, 1998) ("While there is no set standard in this Circuit for determining whether to grant leave to appeal, the Fifth Circuit has acknowledged that the large majority of district courts faced with the problem have adopted the standard under 28 U.S.C. § 1292(b) for interlocutory appeals from Bankruptcy Court orders."); *In re Turner*, CIV. A. 96-1102, 1996 WL 162110, *1 (E.D. La. April 3, 1996)

3

("Because § 158(a) contains no criteria to guide the exercise of . . . discretion in granting or denying an interlocutory appeal, district courts have looked to standards governing interlocutory appeals in 28 U.S.C. § 1292(b).").

To be appealable, an interlocutory order must: (1) involve a controlling issue of law; (2) present a question upon which there is substantial ground for difference of opinion; and (3) an immediate appeal of this order must materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *David v. Signal Int'l, LLC*, 37 F. Supp. 3d 836, 838 (E.D. La. 2014); *Coates v. Brazoria Cty. Tex.*, 919 F. Supp. 2d 863, 867 (S.D. Tex. 2013). All three of the statutory criteria must be met before an interlocutory appeal is proper. *See Aparicio v. Swan Lake*, 643 F.2d 1109, 1110 n.2 (5th Cir. 1981); *David*, 37 F. Supp. 3d at 839.

Here, Appellants aver that the controlling question of law is whether a non-creditor third-party has standing to assert that a cause of action was not adequately preserved by a Chapter 11 plan and that a substantial ground for difference of opinion exists in light of a split in authority on the issue. *See* 11 U.S.C. § 1123(b)(3); *In re United Operating, LLC*, 540 F.3d 351, 355 (5th Cir. 2008) ("After confirmation of a plan, the ability of the [debtor] to enforce a claim once held by the estate is limited to that which has been retained in the plan."); *In re Gulf States Long Term Acute Care of Covington, LLC*, 487 B.R. 713, 724 (Bankr. E.D. La. 2013) (non-creditor lacks standing to raise the defense); *In re Nat'l Benevolent Ass'n of the Christian Church*, 333 F. App'x 822, 826 (5th Cir. 2009) (presuming that a non-creditor had standing to raise the defense). This argument, however, disregards the bankruptcy court's holding that, even if Appellants had standing to assert the defense, the claims were adequately preserved in the Chapter 11 plan. To preserve claims, "a reorganization plan must contain a specific and unequivocal reservation." *In*

4

*re MPF Holdings US LLC*, 701 F.3d 449, 454 (5th Cir. 2012). Determining whether a claim was specifically and unequivocally reserved is akin to the interpretation of a contract. *See id.* at 457 ("[C]ourts regularly apply principles of contract interpretation to clarify the meaning of the language in reorganization plans."); *see Advisory Comm. of Major Funding Corp. v. Sommers (In re Advisory Comm. of Major Funding Corp.)*, 109 F.3d 219, 222 (5th Cir. 1997); *In re Tex. Gen. Petroleum Corp.*, 52 F.3d 1330, 1335 (5th Cir. 1995). While questions of contract interpretation involve questions of law, they are "ill-suited for interlocutory appellate treatment." *Prop. One, Inc. v. USAgencies, L.L.C.*, 830 F. Supp. 2d 170, 183 (M.D. La. 2011). "An interlocutory appeal assuredly does not lie simply to determine the correctness of a judgment." *Clark-Dietz & Assocs.-Eng'rs., Inc. v. Basic Constr. Co.*, 702 F.2d 67, 68 (5th Cir. 1983).

Accordingly, the instant appeal does not involve a controlling question of law upon which there is substantial ground for difference of opinion. Instead, Appellants take issue with the bankruptcy court's application of the law to the facts, particularly, the court's conclusion that the disputed claims were specifically and unequivocally reserved in the Chapter 11 plan. Such a dispute does not satisfy the first two requirements of § 1292(b). *See Gieringer v. Cincinnati Ins. Cos.*, 3:08-CV-267, 2010 WL 2572054, at *3 (E.D. Tenn. June 18, 2010) ("Defendant is challenging this Court's application of law to the facts because of its own disagreement with the outcome, rather than presenting a situation where there are substantial disputes as to the applicable law.").

Moreover, Appellants challenge the bankruptcy court's denial of their *partial* motion to dismiss. Addressing the merits of this claim would not materially advance the ultimate termination of the litigation. "An immediate appeal materially advances the termination of litigation if it

5

would eliminate the need for trial, simplify the issues for trial, or reduce the burden of discovery." *David*, 37 F. Supp. 3d at 838. The Trustee's Amended Complaint asserts the following causes of action against Appellants: (1) Accounting, (2) Fraudulent Conveyances, (3) Recovery of Property, (4) Knowing and Intentional Violation of the Automatic Stay, (5) Breach of Contract, (6) Quantum Meruit, (7) Conversion, and (8) Unjust Enrichment. Appellants sought dismissal only of the claims based on quantum meruit and unjust enrichment, which arise from the same nucleus of operative facts as the remaining claims. Appellants have not articulated and it is not apparent how dismissal of these claims would eliminate the need for a trial, simplify the issues, or reduce the discovery burden. Accordingly, Appellants have failed to satisfy the third element of § 1292(b).

II. Conclusion

Pursuant to Federal Rule of Bankruptcy Procedure 8004, Appellants' notice of appeal and jurisdictional statement contained within their Brief (#9) is construed as a motion for leave to file an interlocutory appeal. Having considered the arguments therein, leave to file an interlocutory appeal is denied. As a consequence, this court is without jurisdiction to consider the appeal. Therefore, Appellants Celadon Trucking Services, Inc., Celadon Group, LLC, and Quality Companies, LLC's appeal is dismissed and remanded.

The clerk of the court is directed to forward a copy of this order to the United States Bankruptcy Court for the Eastern District of Texas. Upon remand, the bankruptcy court may consider whether an award of costs and/or attorney's fees is appropriate.

SIGNED at Beaumont, Texas, this 4th day of September, 2019.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE